HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
MATTHEW A. STRATTON (SBN 254080)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone:  (415) 354-0100
Facsimile:  (415) 391-7124
pharvey@harveysiskind.com
mstratton@harveysiskind.com

Attorneys for
Plaintiff ROLEX WATCH U.S.A., INC.
and Non-Party J. THOMAS MCCARTHY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> CAPETOWN DIAMOND CORP., CAPETOWN LUXURY GROUP, INC. d/b/a CAPETOWN DIAMOND CORP., CARL MARCUS and ROSE MARCUS, <br><br> Defendants. | No. C 08-80125 MISC MMC (JCS) <br><br> **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* SERVED ON NON-PARTY J. THOMAS MCCARTHY** <br><br> **Date:  July 25, 2008** <br> **Time:  9:30 A.M.** <br> **Honorable Joseph C. Spero** <br> **Courtroom A, 15th Floor** |

## INTRODUCTION

Defendants in this trademark counterfeiting case have served a subpoena on Professor J. Thomas McCarthy ("Prof. McCarthy"), which seeks documents and testimony relating to his expert opinions rendered in two litigations instituted over ten years ago:  *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704 (9th Cir. 1999) and *Rolex Watch, U.S.A., Inc. v. Meece*, 158 F.3d 816 (5th Cir. 1998).  Prof. McCarthy is not a retained expert in this proceeding.

-1-

1    Defendants' Response misstates a number of facts and makes a number of baseless

2  allegations.  However, these need not be addressed to determine whether Prof. McCarthy should be

3  compelled to testify.  As to the merits:

4    **I.    DEFENDANTS SEEK A NEW EXPERT OPINION FROM PROFESSOR**

5         **MCCARTHY**

6    Defendants claim they do not fall within the purview of Fed. R. Civ. P. 45(c)(3)(B)(ii)

7  because they seek only factual information, not an expert opinion.  Defendants' Response, pp. 5-6.

8  Defendants' argument that the subpoena seeks factual information, not expert testimony, is belied by

9  the very questions they plan to ask:

10    (1) whether Professor McCarthy was aware of the 1990 Consent Judgment when
       he offered his opinions in the *Meece* and *Michel* cases;

11

12    (2) whether the provisions of the 1990 Consent Judgment would have been
       material to the opinions that Professor McCarthy rendered in the *Meece* and
13       *Michel* cases; and

14    (3) whether knowledge of the provisions of the 1990 Consent Judgment would
       have changed Professor McCarthy's opinions in the *Meece* and *Michel* cases.
15

16  *Id*. at p. 6.

17  Defendants essentially want to know if Prof. McCarthy's opinions in *Meece* and *Michel* would

18  change had he known about the 1990 Consent Judgment.  This is a classic request for an expert

19  opinion.[1]

20    In an effort to mask their request for an expert opinion, Defendants claim that Prof. McCarthy

21  has been fully compensated by Rolex for his opinion in *Meece* and *Michel*.  Defendants argue that

22  there is no need to compensate Prof. McCarthy for his subpoenaed testimony because the subpoenaed

23

24  _____

25  [1] Defendants' assertion that they need to ask Professor McCarthy whether he was aware of the 1990
    Consent Judgment is surprising in light of the confidentiality provision in that Judgment.  The
26  confidentiality provision, as Defendants well know and as Defendants' Response acknowledges,
    wholly benefitted Defendants in that it prohibited Rolex from disclosing the existence of the Consent
27  Judgment, which was kept secret until this suit was filed in 2003.  Response at 2; *see* Decl. Andersen,
    Exh. A at ¶ 9.
28

REPLY IN SUPPORT OF MOTION TO QUASH                    CASE NO. C 08-80125 MISC MMC (JCS)
SUBPOENA SERVED ON J. THOMAS MCCARTHY

1  testimony is not an expert opinion.  Defendants go on to assert that Prof. McCarthy will be testifying

2  "[at most] to the opinions he has already formulated at [Rolex's] expense." *Id.*

3       But Defendants are not just seeking the opinions that Prof. McCarthy has formulated at

4  Rolex's expense in *Meece* and *Michel*.  Defendants already have the opinions that Prof. McCarthy

5  gave in *Meece* and *Michel*.  Defendants attached to their Response Brief Prof. McCarthy's entire

6  expert testimony from the *Meece* case, and excerpts from his testimony in the *Michel* case.

7       **II.      THE *KAUFMAN* FACTORS WEIGH DECISIVELY AGAINST DEFENDANTS**

8       Defendants also argue that the Court should exercise its discretion to deny the motion to

9  compel, citing *Kaufman v. Edelstein*, 539 F.2d 811 (2d Cir. 1976).  But Defendants cannot twist the

10  factors recited in *Kaufman* into any justification for their subpoena. Consider how the factors

11  properly apply to this case:

12       Factor 1:  The degree to which the expert is being called because of his knowledge of

13                 facts relevant to the case rather than in order to give opinion testimony

14       Prof. McCarthy is not being called to give testimony because of his knowledge of facts

15  relevant to the current case.  What Defendants want to ask him is whether knowledge of the 1990

16  Consent Judgment would have changed his opinions in *Meece* and *Michel*.  Defendants by their own

17  words are admittedly asking for expert opinion testimony.

18       Factor 2:  The difference between testifying to a previously formed or expressed

19                 opinion and forming a new one

20       Defendants are not calling Prof. McCarthy to testify as to his previously formed or expressed

21  opinions.  They are well aware of his previously formed and expressed opinions.  *See* Exhs. B and C

22  to Decl. Andersen.  By calling Prof. McCarthy to give testimony on how his opinion in *Meece* and

23  *Michel* would be affected by the 1990 Consent Judgment, Defendants are asking Prof. McCarthy to

24  form a new opinion.

25       Factor 3:  The possibility that, for other reasons, the witness is a unique expert

26       Defendants want to know if Prof. McCarthy would have changed his opinions in *Meece* and

27  *Michel* had he known about the 1990 Consent Judgment.  Defendants argue that Prof. McCarthy is a

28

REPLY IN SUPPORT OF MOTION TO QUASH                CASE NO. C 08-80125 MISC MMC (JCS)
SUBPOENA SERVED ON J. THOMAS MCCARTHY

1   unique witness because no witness other than Prof. McCarthy can say whether Prof. McCarthy would

2   change his opinion.

3         Defendants' theory flies in the face of the basic principle that Defendants are not entitled to

4   depose an expert that has not been retained by either party.  Moreover, acceptance of Defendants'

5   theory opens the door to requiring any experts for Plaintiff who testified in past litigations to provide

6   expert testimony as to how their opinions would change based on a new set of facts.

7         Factor 4:   The extent to which the calling party is able to show the unlikelihood that any

8                         comparable witness will willingly testify

9         Again, Defendants argue that because Prof. McCarthy was the only person to offer expert

10  testimony in *Meece* and *Michel*, he is the only possible witness in this case.  This argument does not

11  stand up for the same reasons set forth under Factor 3.  Defendants have not retained Prof. McCarthy

12  as an expert and they have no right to compel him to give any expert testimony in this case.

13        Factor 5:   The degree to which the witness is able to show that he has been oppressed by

14                        having continually to testify

15        Defendants claim that it is unlikely that Prof. McCarthy will be continually on call to give

16  testimony because his subpoenaed testimony relates to the 1990 Consent Judgment (which enjoins

17  certain acts by Defendants in the current case).   But the principle espoused by Defendants has

18  implications far beyond the specific Consent Judgment involved here.  Defendants assert the right to

19  compel an expert for Plaintiff in a previous case to testify as to how his opinions would change in

20  light of the particular facts in the current case.  As noted above, recognition of such a right would

21  allow any defendant to compel an expert for Plaintiff in a previous case to testify how his opinion

22  would change based on a different set of facts in the current case.

23  **III.     PROF. MCCARTHY HAS THE RIGHT TO CONTRACT FOR HIS SERVICES**

24        As a last resort, Defendants propose that they will pay Prof. McCarthy for the time spent in

25  gathering records and appearing at his subpoenaed deposition.  Defendants' Response, p. 10.  This is

26  no solution.  Prof. McCarthy has the right to contract for his services.  He cannot be compelled to

27  provide  expert  testimony  for  Defendants  just  because  Defendants  are  willing  to  pay  for  his

28

-4-

appearance at the subpoenaed deposition.  *See, e.g.*, *Young v. United States,* 181 F.R.D. 344, 346 (W.D. Tex. 1997) ("[A] professional witness may not generally be compelled to testify as an expert at the request of a private litigant, as such testimony is a matter of contract or bargain."); *Agnew v. Parks*, 343 P.2d 118, 763-64 (Cal. Ct. App. 1959) ("[W]e conclude that there is no duty on a [witness's] part to agree to serve as an expert witness for one with whom he has no pre-existing contractual relationship.").

### IV.    NO LEGAL AUTHORITY SUPPORTS DEFENDANTS' POSITION

The cases relied on by Defendants have no bearing on the situation here, nor are Defendants able to distinguish Plaintiff's authorities. None of Defendants' cited cases compelled an expert in a previous case to testify as to how his opinion would change in light of different facts in the current case.

### V.    DEFENDANTS' DEMAND FOR DOCUMENTS FROM PROF. MCCARTHY IS ALSO IMPROPER

Defendants' subpoena also seeks documents Prof. McCarthy received from Rolex, or read or reviewed in connection with his expert testimony in the 10 year old *Meece* and *Michel* cases. Defendants state that "[t]he documentary evidence requested is limited to the information supplied to and used by Professor McCarthy in formulating his opinions in the *Meece* and *Michel* cases." Defendants' Response, p. 8. The same reasons prohibiting Defendants from obtaining Prof. McCarthy's testimony apply to the subpoena's demand for documents.

The Court should therefore quash Defendants' subpoena for the production of documents.

*///*

*///*

*///*

*///*

*///*

*///*

1

**CONCLUSION**

2       For the reasons stated, the Court should quash the subpoena in its entirety and award

3   Professor McCarthy and Plaintiff their reasonable attorneys' fees incurred in opposing Defendants'

4   obvious and wholly unjustified attempt to circumvent Rule 45(c)(3)(B)(ii).

5

6   Dated:  July 11, 2008                         Respectfully submitted,

7                                                 HARVEY SISKIND LLP

8                                                 By:  _____/s/_____
9                                                         D. Peter Harvey

10                                                Attorneys for
11                                                Plaintiff Rolex Watch, U.S.A., Inc.
                                                  and Non-Party J. Thomas McCarthy
12
                                                  GIBNEY, ANTHONY & FLAHERTY, LLP
13                                                BRIAN W. BROKATE
                                                  665 Fifth Avenue
14                                                New York, NY  10022
                                                  (212) 688-5151
15
16                                                MORGAN & FINNEGAN, LLP
                                                  DAVID H.T. KANE
17                                                JAMES F. BUSH
                                                  SIEGRUN D. KANE
18                                                3 World Financial Center
                                                  New York, NY 10281-2101
19                                                (212) 415-8700
20
                                                  KILPATRICK STOCKTON LLP
21                                                THEODORE HARRIS DAVIS, JR.
                                                  JOEL D. BUSH
22                                                1100 Peachtree Street, N.E., Suite 280
                                                  Atlanta, Georgia 30309
23                                                (404) 815-6500
24
                                                  Attorneys for
25                                                Plaintiff Rolex Watch, U.S.A., Inc.

26

27

28

REPLY IN SUPPORT OF MOTION TO QUASH                    CASE NO. C 08-80125 MISC MMC (JCS)
SUBPOENA SERVED ON J. THOMAS MCCARTHY

**PROOF OF SERVICE**

     The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

     On the date stated below, I served the following documents:

- **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM* SERVED ON NON-PARTY J. THOMAS MCCARTHY**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

    Donald Ross Andersen, Esq.
    Catherine M. Banich, Esq.
    Stites & Harbison PLLC
    303 Peachtree Street, N.E.
    2800 Sun Trust Plaza
    Atlanta, Georgia 30308

**X**     **MAIL:**  I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated.  I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

\_\_\_\_\_     **FEDERAL EXPRESS – OVERNIGHT DELIVERY:**  I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

\_\_\_\_\_     **HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

\_\_\_\_\_     **VIA FAX:**  The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

**X**     **(FEDERAL):**  I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

\_\_\_\_\_     **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2008 at San Francisco, California.

*Cynthia Lee*
Cynthia Lee